## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LAURIE J. HOLLOBAUGH,      :     NO. 4:24-CV-00405
          Plaintiff,      :
                    :
    v.               :
                    :     (CAMONI, M.J.)
FRANK BISIGNANO,[1]      :
*Commissioner of Social Security*,  :
          Defendant.    :

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Laurie Hollobaugh's claim for disability and supplemental security income benefits under Title II and XVI of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will affirm the decision of the commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On September 24, 2018, Hollobaugh applied for disability benefits under Title II of the Social Security Act ("the Act"), alleging disability as of June 15, 2018. Transcript, Doc. 9-3 at 2-3. Two weeks later, Hollobaugh applied for supplemental security income under Title XVI of the Act. Doc. *Id.* at 13-14. The Social Security Administration denied both applications. *Id.* at 12, 23.

After exhausting administrative appeals, Hollobaugh filed a prior action in this Court, challenging the agency's denial. *See Hollobaugh v. Kijakazi*, No. 21-159, Complaint, doc. 1. The Court issued an order to remand in that case. *Hollobaugh*, No. 21-159, December 22, 2021, Order, doc. 22-2. After remand and further proceedings, the ALJ decided on June 7, 2023, that Hollobaugh has not been under a disability. *See* doc. 9-11 at 71.

Hollobaugh filed a request for review of the ALJ's decision, which the Appeals Council denied. Doc. 9-10 at 2 (declining jurisdiction). The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Hollobaugh's action

seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 10, 14, 15) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 7.

### B.      The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1."

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; §§ 404.1520(d), 416.920(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." §§ 404.1520(f), 416.920(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* §§ 404.1520(g), 416.920(g).

### C.   The ALJ's Decision

Here, the ALJ determined that Hollobaugh "has not been under a disability, . . . from June 15, 2018, through the date of this decision." Doc. 9-11 at 71.  The ALJ reached this conclusion after proceeding through the

five-step sequential analysis required by the Social Security Act. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v); *see* Doc. 9-11 at 53-71.

At step one, the ALJ determined that Hollobaugh "has not engaged in substantial gainful activity since June 15, 2018, the alleged onset date." Doc. 9-11 at 53. At step two, the ALJ found that Hollobaugh has the following severe impairments: Degenerative disc disease, chronic obstructive pulmonary disease (COPD)/emphysema, migraines, osteoarthritis, optic neuropathy, carpal tunnel syndrome status post carpal tunnel release, anxiety and depression/bipolar disorder. *Id.* At step three, the ALJ determined that Hollobaugh "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in" 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 54.

Between steps three and four, the ALJ found that Hollobaugh has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no limitations on stand or sit, but walking limited to each interval [throughout] the workday at 15 minutes. The claimant could occasionally balance, stoop, crouch, crawl, kneel, and climb but never on ladders ropes or scaffolds. The claimant could frequently push or pull with the upper extremities and frequently perform fine and gross manipulation. The claimant is limited to frequent exposure to

temperature extremes of cold and heat, wetness, humidity, fumes, odors, dusts, gases, poor ventilation and vibrations, and no exposure to hazards, including dangerous moving machinery and unprotected heights, but would be able to avoid ordinary hazards in the workplace, such as boxes on floor, doors ajar, or approaching people or vehicles. The claimant can see regular size print, but if very small print required should be provided magnify or oral explanation. The claimant can work with computer screens and monitors, but if needed, should have ability to enlarge or magnify print, and when needed be permitted to wear blue light glasses. The claimant can work with large items but no tiny objects such as small nuts, bolts, coins or paper clip size items. The claimant can have no commercial driving or operating moving equipment. The claimant can do simple routine tasks but no complex tasks.

*Id.* at 57-58.

At step four, the ALJ determined that Hollobaugh "is unable to perform any past relevant work." *Id.* at 69. At step five, the ALJ determined that considering Hollobaugh's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 70.

## D.   Issues on Appeal

Hollobaugh challenges the ALJ's medical opinion analysis, step three analysis, and RFC assessment. Pl.'s Br., Doc. 10 at 1. The Court,

adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.   **LEGAL STANDARD**

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ

ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Hollobaugh is disabled, but whether the Commissioner's finding that Hollobaugh is not disabled is supported by substantial evidence and was reached based

upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at \*1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   <u>DISCUSSION</u>

Hollobaugh argues that the ALJ failed to properly conduct the: (1) medical opinion analysis; (2) RFC assessment; and (3) step three analysis. Doc. 10 at 1. The Court addresses each argument in turn.

**A.    The ALJ's medical opinion analysis is supported by substantial evidence.**

Hollobaugh contends that the ALJ improperly rejected Dr. Lindsay's opinion as to her reaching, handling, and fingering limitations. *See id.* at 16. She argues that because "the only relevant medical opinion of record," as to the limitations is that of Dr. Lindsay, and the ALJ failed to provide a basis for rejecting these limitations, the ALJ's decision is unreviewable. *Id.* Hollobaugh is incorrect.

"Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence but 'cannot reject evidence for no reason or for the wrong reason.'" *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005), citing *Mason*, 994 F.2d at 1066.

To begin with, the ALJ provided several pertinent grounds for rejecting Dr. Lindsay's opinion. *See* Doc. 9-11 at 60-61. In finding Dr. Lindsay's opinion unpersuasive, the ALJ clearly noted Dr. Lindsay's finding that the claimant exhibited "considerable amount of findings in the normal range, including . . . full motor strength in the upper and lower extremities, including grip strength." Doc. 9-11 at 61. Further, the

Page 11 of 19

ALJ noted that "Dr. Lindsay observed a tremor in [Hollobaugh's] hands during this examination, but it is unclear if this is from anxiety, as he notes the claimant was upset, and no other examination in the record noted tremors." *Id.* The ALJ emphasized that examinations, "including Dr. Lindsay's, showed full strength in all extremities and full grip strength." *Id.* Contrary to Hollobaugh's contention, the ALJ, thus, has clearly met its burden to articulate reasons to support the decision to decline to adopt Dr. Lindsay's functional limitations. *See Burnett*, 220 F.3d at 119.

Hollobaugh, however, argues that the ALJ erred by rejecting "the only relevant medical opinion in the record." Doc. 10 at 16. But it is the "ALJ—not treating or examining physicians or State agency consultants—[that] must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Because the ALJ provided sufficient basis to reject Dr. Lindsay's RFC findings, the ALJ did not err by rejecting "the only relevant medical opinion." Doc. 10 at 16; *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006) ("There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of

determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."); *see also Winters v. Saul*, No. 19-1017, 2020 WL 5246710, at *15 (M.D. Pa. June 23, 2020) (citation omitted) (noting that an ALJ can make "an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary"), *report and recommendation adopted*, No. 19-1017, 2020 WL 5232406 (M.D. Pa. Sept. 2, 2020).

**B.    The ALJ's RFC assessment is supported by substantial evidence.**

Hollobaugh argues that the ALJ erred in assessing the RFC by: (1) failing to include Dr. Lindsay's limitations, and (2) rejecting portions of Dr. Kibler's opinion. Doc. 10 at 10-11, 22-23.

### 1.    *Dr. Lindsay's limitations*

Similar to Hollobaugh's medical opinion argument, she contends that the ALJ erred in assessing her RFC because Dr. Lindsay's opinion is "the only relevant medical opinion of record," and it "supports greater functional limitations than found by the ALJ." *Id.* at 9. Hollobaugh asserts that "no medical opinion of record supports the ALJ's RFC assessment." *Id.* at 11. The Court finds that the ALJ's RFC determination is supported by substantial evidence.

First, as previously noted, the ALJ would not be required to adopt Dr. Lindsay's functional limitations even if Dr. Lindsay's was the only medical opinion of record. *See Titterington*, 174 F. App'x at 11; *Winters*, 2020 WL 5246710, at *15. But Dr. Lindsay's is not the only relevant medical opinion. *See* doc. 9-11 at 69 (discussing Drs. Whang and Butcofski's medical opinions). The ALJ discussed the medical opinions of Drs. Whang and Butcofski, which found that Hollobaugh "had no severe medically determinable physical impairment," and, deciding in favor of Hollobaugh, found them unpersuasive and inconsistent with the longitudinal evidence of record. *Id.* Because Dr. Lindsay found significant limitations and Drs. Whang and Butcofski found none, the ALJ had to contend with these conflicting medical opinions.

An ALJ has an obligation to weigh the medical evidence and "make choices between conflicting medical evidence." *Williams v. Sullivan*, 870 F.2d 1178, 1187 (3d Cir. 1992). When medical opinions conflict, "the ALJ is not only entitled but *required* to choose between them." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (emphasis added). Moreover, the ALJ may "assess[] the RFC that falls between competing opinions." *Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).

Here, the ALJ weighed the conflicting medical opinions of Drs. Lindsay (finding far greater limitations) and Drs. Whang and Butcofski (finding no limitations) and assessed an RFC that fell between these opinions. *See id.* at 57-58. The Court, therefore, finds that the ALJ's RFC assessment is supported by substantial evidence. *Durden*, 191 F. Supp. 3d at 455.

### 2. Dr. Kibler's limitations

Hollobaugh also argues that the ALJ erred in rejecting parts of Dr. Kibler's opinion which posited that Hollobaugh's visual limitations would hinder her ability to "avoid ordinary hazards in the workplace." Doc. 10 at 22. Specifically, Hollobaugh asserts that the ALJ's reasons for rejecting the limitation are insufficient as they consider Hollobaugh's ability to function in a home setting and not in a "competitive work environment" as required under the regulations. *See id.*

Hollobaugh's argument is flawed as it omits the rest of the ALJ's analysis. The ALJ first noted that Dr. Kibler's opinion that Hollobaugh could not avoid ordinary hazards "is inconsistent with the record." Doc. 9-11 at 61. The ALJ then noted that the treatment records do not show evidence of any "injuries from falling or reports of falling or the

prescription of a cane to be aware of objects in her path." *Id.* That was the primary basis for finding that part of Dr. Kibler's limitations opinion unpersuasive and "inconsistent with the record." Hollobaugh instead attacks the additional reasons, including Hollobaugh's reported level of activity, that the ALJ provides as additional support for the assessment. *Id.* ("*In addition, . . . .*"). The Court, therefore, finds that the ALJ's RFC assessment is supported by substantial evidence.

**C.    The ALJ's step three analysis is supported by substantial evidence.**

Finally, Hollobaugh argues that the ALJ erroneously concluded that she did not meet or equal listings 2.03B or 2.04B at step three of the analysis. Doc. 10 at 18. Specifically, she asserts that the ALJ failed to develop the record as to her optic neuropathy because Dr. Schaffzin "ultimately conceded that 'there's really no way to determine if those listings were met or equaled.'" *Id.* at 19, citing doc. 9-10 at 26. Hollobaugh maintains that the ALJ had a duty to develop the record which required the ALJ to order an additional consultative examination. *Id.* at 21.

"The decision to order a consultative examination is within the sound discretion of the ALJ." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). That duty "does not require a consultative examination

unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* This Court in *Dietrich v. Saul* further explained:

> The regulations authorize the ALJ to obtain a consultative examination if there remains information needed to make a disability determination, "such as clinical findings, laboratory tests, a diagnosis or a prognosis" which cannot be obtained from the medical record. 20 C.F.R. §§ 404.1519a, 416.919a. Such an examination may be requested when the Commissioner is not presented with the information that is necessary to make a decision or is presented with inconsistent information. 20 C.F.R. §§ 404.1519a(a)-(b), 416.919a(a)-(b).

501 F. Supp. 3d 283, 293 (M.D. Pa. 2020) (emphasis in original). Here, the Court finds that the ALJ exercised proper discretion not to order a further consultative examination. *Thompson*, 45  F. App'x at 149. On a previous remand, the Appeals Council instructed that further consideration at step three was required because "no physician of record indicated the cause of the claimant's vision loss, . . . and if the claimant's visual disorder does not satisfy the criteria in 2.03, the Agency will request a description of how the visual disorder affects her ability to function." Doc. 9-11 at 42. The ALJ sufficiently complied with this order.

The ALJ secured a medical expert, Dr. Schaffzin, to testify at the hearing. Docs. 9-10 at 20; 9-11 at 55. And Dr. Schaffzin testified as to the

cause of Hollobaugh's optic neuropathy and described how it "affects her ability to function." Doc. 9-11 at 42, 55. Dr. Schaffzin testified that the medical records "did not show a clear etiology for the claimant's optic neuropathy and it could be caused by many types of conditions," and provided function limitations as to Hollobaugh's visual disorder. Doc. 9-11 at 55, 64. By taking Dr. Schaffzin's testimony and incorporating his limitation assessment, the ALJ complied with the Appeals Council's order. *See* doc. 9-11 at 64. At bottom, the ALJ adopted Dr. Schaffzin's testimony and conclusion that the "longitudinal evidence and diagnostic testing of record [are] not sufficient to support listing level severity[.]" *Id.* at 55.  Thus, the ALJ "was presented with sufficient information to make a decision and acted properly within the scope of his discretion by not ordering consultative examinations . . . that Plaintiff could also have obtained." *Dietrich*, 501 F. Supp. 3d at 293.

Although Hollobaugh repeatedly argues that the ALJ had a duty to order further testing and develop the record, ultimately, "[t]he burden lies with the claimant to develop the record regarding his or her disability because the claimant is in a better position to provide information about his or her own medical condition." *Money v. Barnhart*, 91 F. App'x 210,

Page 18 of 19

215 (3d Cir. 2004), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Hollobaugh's counsel cross-examined Dr. Schaffzin, who testified as to the unreliability of some of the visual tests for Hollobaugh. *See* doc. 9-10 at 26 ("the Claimant has had problems with this type of testing[.]"); doc. 10 at 18. But during the hearing, counsel did not ask the ALJ to order a different, more reliable testing or to keep the record open to secure such a test. Under these circumstances, the Court cannot conclude that the ALJ erred in failing to order further examinations or visual testing. *See Colombin v. Colvin*, No. 16-311, 2017 WL 272029, at *4 (W.D. Pa. Jan. 19, 2017) (affirming ALJ's discretion to not order additional testing where a claimant was represented by counsel at the hearing and his counsel did not ask the ALJ to order further testing on claimant's behalf or to keep the record open to secure such a test); *Smith v. Colvin*, No. 15-1426, 2016 WL 6729120, at *3 (W.D. Pa. Nov. 15, 2016) (holding same).

## IV.   CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: March 19, 2026                    s/*Sean A. Camoni*
                                         Sean A. Camoni
                                         United States Magistrate Judge